Christian, J.,
delivered the opinion of the court.
This case is before us upon a writ of error to a judgment of the hustings court of the city of Richmond. The prisoner was indicted for the larceny of twenty dollars from the person of McDonough, the prosecutor.
Neither the facts proved on the trial, nor the evidence, are certified in the record.
The single question we have to decide is as to the admissibility of certain testimony offered by the commonwealth’s attorney, as shewn by the following bills of exceptions:
EIRST BILL OE EXCEPTIONS.
Be it remembered, that on the trial of this cause, *944 the commonwealth introduced as its first witness, Dominick McDonough, the prosecutor, who gave evidence on examination in chief, tending to show that the accused had, on the night stated in the indictment, stolen from his person his pocket book, containing the money named in the indictment, and on cross-examination he was asked whether he had not been drinking liquor on that night, to which he replied, yes, but that he was sober and in his perfect, senses. Whereupon, on reexamination, he was asked by the attorney for the commonwealth, if he did not, immediately after the alleged larceny, go to the house of one William Disney, who lived a few doors from the place where the alleged larceny occurred, and tell him that he had been robbed, and the circumstances of the robbery as he had detailed them on his examination in chief; to which question the prisoner, by counsel, objected, and the court sustained the objection to so much of the question as referred to the details of the statement, but permitted so much of it as stated to Disney that he had been robbed; to which question, as modified, the accused excepted; and thereupon the witness stated that he had gone to Disney’s, who lived three or four doors from the place of the alleged larceny, and told him he had been robbed; to the admission of which evidence the accused also excepted, and asked that the same be excluded; but the court overruled said objection, and admitted and refused to rule out the said evidence; to which two opinions, in permitting said question, as modified, to be put, and in permitting the same to be answered, the accused, by counsel, excepts, and prays that this, his first bill of exceptions, may be signed, sealed and reserved to him, which is accordingly done.
*945 SECOND BILL OE EXCEPTIONS.
Be it remembered, that after the testimony stated in the first bill of exceptions (which is herein referred to and made part hereof) had been given, the commonwealth called William Disney, who was asked by the attorney for the commonwealth on his examination in chief, whether Dominick McDonough, the prosecutor and witness who had just testified, as stated in the first bill of exceptions, had not come to his house on the night of the alleged larceny, as stated in the indictment, and informed him that he had been robbed; to which question the accused, by counsel, objected; but the court allowed the said question to be put; to which the witness answered, yes, he had come to his house and said he had been robbed; to which evidence the accused objected, and asked the court to exclude; which the court refused to do: to which question and answer the accused, by counsel, excepts, and prays that this, his second bill of exceptions, may be signed sealed and reserved to him; which is accordingly done.
These two bills of exceptions raise the single question, whether the statement made by the prosecutor to the witness Disney as testified to, by the prosecutor and by Disney, was legal and proper evidence to go to the jury. Its admissibility is urged here by the attorney general, and by Mr. Wise, the commonwealth’s attorney of the city of Richmond who appeared with him, on three grounds. First, for the purpose of rebutting the imputation of drunkenness, suggested by the cross-examination of prisoner’s counsel. Second, that it was admissible as part of the res gestee; and third, that it ought to be received as a *946 complaint made by the prosecutor shortly after an outrage perpetrated against him.
As to the first ground it is sufficient to say, that if the credibility of the witness was assailed because he was intoxicated, the only way to meet such an assault upon his credibility, was to prove by other witnesses his actual condition at the time of the transaction of which he speaks, and not by statements and declarations of his own, to others, which might at the same time prejudice the prisoner, while given in evidence under the pretence of showing that they were such as a sober man would utter under the presumed circumstances of the case. If the prisoner’s counsel imputes drunkenness to the prosecutor, this imputation may be repelled by direct testimony, showing that he was sober, but certainly not by statements or declarations which are mere hearsay, and may be used to the prejudice of the prisoner, and which as independent evidence must be excluded as hearsay evidence.,
As to the second ground upon which the admissibility of this statement of the prosecutor to the witness, Disney, is urged, to wit, that it is a fact of the res gestee, we are of opinion that this statement could not be introduced as a part of the res gestee.
As a definition of what in law is res gestee, the following may be adopted as accurately defining its limits and meaning /''Facts which constitute the res gestee must he such, as are so connected with the very transaction or fact under investigation as to constitute a part of it. How the statement made by the prosecutor to Disney after the larceny, was no part of the transaction under investigation, but was something that occurred afterwards, and was not so connected with it as to form a part of it. It was the prosecutor’s narrative of a past transaction, and was mere hearsay. Hor *947 could such evidence be received for the purpose of corroborating the evidence of McDonough, the prosecutor'?- Such evidence upon both the English and American decisions is plainly inadmissible. See 1 Parker Grim. Oases, and cases there cited. Robb v. Hackley, 23 Wend. 50; King v. Parker, 3 Doug. R. 242; Bull, N. P. 291; 1 Starkie 149, note; 1 Cowen and Hill’s notes 776.
Thirdly. It is urged in argument that this evidence is admissible as a complaint made by the prosecutor recently after the outrage had been perpetrated; and it is evident that it was upoit this ground that the learned judge of the hustings court of the city of Richmond admitted the evidence, because the bill of exceptions shows that while he excluded all the details of the statement of the prosecutor, he admitted the statement made to Disney that he had been robbed, &c.
We have carefully examined all the authorities referred to by the learned counsel to sustain this position, and it is manifest that the only exception (established by well-considered cases and reliable text-writers) to the general rule excluding the statements or declarations of parties as hearsay evidence, as a complaint^ is the exception in cases of rape. For peculiar reasons, the complaint of the victim of this diabolical outrage and crime is received as evidence. Such a victim must at once make complaint, or she will be suspected of consent. The instincts of human nature, revolting at this unnatural and heinous crime, compels the victim to cry out and denounce its foul perpetrator; and such complaint, made under the smart and indignation of such a cruel injury, has been received by the courts as evidence. But even in such cases the evidence is confined to the new complaint, and no detailed statement of the transaction is permitted to go in evi *948 dence. See 3 Starkie (Metcalf’s ed.) 1266, and cases there cited; Regina v. Osborne, 41 Eng. C. L. R. 338. This is a well recognized exception to the general rule) excluding the declarations of the party injured, which are not admissible as part of the res gestae. Such statement in the form of complaint is admissible* though not a part of the res gestae. But we think the exception must bé confined to eases of rape for the peculiar reasons above stated. It does not apply to any other case, unless the statement or declaration comes within the res gestae. There is one ease cited by the attorney general, and it is^the only one that can be found, which seems to hold that the complaint of a party who has been robbed may be given in evidence. That is an English case decided at nisi prius, and reported very briefly and obscurely in 25 Eng. Crim. Law Rep. 456, Rex v. Wink.
There is no case which we can find which affirms the doctrines of this case, though it is referred to in the notes to some of the text-writers on the Law Evidence. But it is opposed by all the recent English and American cases. See People v. Finnegan, 1 Parker Crim. Cases 147, and numerous cases there cited; 1 Bush R. 208, Morris v. Hazelwood; Tucker v. Hood, Ib. 210, and cases cited.
We are not disposed to extend this exception to the rule of evidence further than to cases of rape, and only to recognize this exception as one growing out of the peculiar reasons already adverted to.
It would be dangerous, to the last degree, to permit a party making a criminal charge against another to support his own evidence by proof of declarations made by him subsequent to the alleged crime.
The adjudication of the rights and the protection of the liberties of the citizen require that mere hearsay *949 •evidence should be excluded, and that the court in every case should confine the testimony to the issue made by the pleading? and to that character of evidence which is legal and admissible under the settled principles of the laws of evidence.
We are of opinion, for the reasons herein stated, that the judgment of the hustings court of the city of Richmond, in admitting the testimony of the prosecutor McDonough and of the witness Disney, as to declarations made by the former to the latter subsequent to the alleged larceny, was erroneous and must be reversed. And in consequence of such error a new trial must he awarded to the prisoner.
Judgment reversed.