## Salem

GEORGE OLIVER GARLAND

v.

COMMONWEALTH OF VIRGINIA

No. 1150-87-3

Decided May 2, 1989

COUNSEL

David D. Embrey (Johnson & Cunningham, on brief), for appellant.

Linwood T. Wells, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, C.J.**—George Oliver Garland, appellant, was convicted on May 8, 1987, in a bench trial of aggravated sexual battery pursuant to the provisions of Code § 18.2-67.3. On appeal he raises the following issues: (1) whether the trial court erred in admitting into evidence the prosecutrix's testimony relating to her reporting of the crime; and (2) whether the evidence was sufficient to support the conviction. For the reasons that follow, we reverse the conviction.

The prosecutrix, a ten year old female, testified that while she pretended to be asleep, Garland got into her bed in the early morning hours of February 19, 1987. She further testified that Garland then proceeded to pull down her pajamas and underclothes and "put his private parts . . . his penis . . . between my legs . . . on my front private part . . . and was moving back and forth." At the conclusion of the child's testimony on direct exami-

nation, the trial court, over the objection of Garland, asked her, "[W]hen did you tell anyone about this?" She replied: "It was the second day. I told Mrs. Russell [the counselor at school]. Well, I didn't tell her; I wrote it down on a piece of paper." In overruling Garland's objection, the trial court indicated that it would admit this testimony only to establish "when it was reported" and not for "what the report stated." Upon subsequent cross-examination the child admitted that she disliked Garland because of his discipline of her and that she would prefer that Garland did not live with her family.

Garland testified that he had lived with the child's mother for about ten years and that they had an eight year old daughter who also lived with them. Garland denied any sexual contact with the child. He maintained that on February 19, 1987, he had taken the child's mother to her place of employment and then had gone to the home of William Proffit to obtain work for that day. While not obtaining work, Garland maintained that he remained at Proffit's home throughout that day and did not return to his own home until 6 p.m. that evening. Proffit testified that Garland had come to his home seeking work on one morning during the week which included February 19, but that he was not certain on which day of that week.

██ Upon these facts, as conceded by the Commonwealth on brief, the issue presented to the trial court was simply that of credibility of the child and Garland. The resolution of the issue of the credibility of these two witnesses was of particular significance because they were the sole witnesses to the alleged act. Because sexual offenses are typically clandestine in nature, seldom involving witnesses to the offense except the perpetrator and the victim, a requirement of corroboration would result in most sex offenses going unpunished. Consequently, rape and attempted rape convictions may be sustained solely upon the testimony of the victim. There is no requirement of corroboration. "Persuasive authority also extends [this rule] to prosecutions for sodomy *and other sexual offenses*." *Fisher v. Commonwealth*, 228 Va. 296, 299, 321 S.E.2d 202, 203 (1984)(citations omitted)(emphasis added). As applicable to the present case, sexual battery is the intentional touching of the intimate parts of the complaining witness by the accused with the intent to sexually molest, arouse, or gratify either the complaining witness or the accused. Code §§ 18.2-67.3

and 18.2-67.10(6)(a). While aggravated sexual battery is different from attempted rape in that an intent to have sexual intercourse is not required, aggravated sexual battery is markedly similar to attempted rape where the victim is female and her genitalia is touched by the perpetrator's penis. Moreover, logic dictates that the reasons that support the rule that a conviction for attempted rape may be supported solely upon the testimony of the victim without further corroboration are equally applicable to prosecutions for aggravated sexual battery under Code § 18.2-67.3. Accordingly, we hold there is no requirement for corroboration under this Code section.

■ While corroboration is not required, it is clear in this case that the trial court considered the recent complaint of the incident by the child to the school counselor to bolster her credibility and thus to bolster her allegation against Garland. Beginning with *Haynes v. Commonwealth*, 69 Va. (28 Gratt.) 942 (1877), our Supreme Court has recognized, as an exception to the prohibition against hearsay evidence, that in a rape case the recent complaint by the prosecutrix is admissible for the purpose of corroborating her testimony, but not as independent evidence of the offense charged. The *Haynes* Court explained the reasons for this rule in these terms:

> For peculiar reasons, the complaint of the victim of this diabolical outrage and crime . . . must *at once* make complaint, or she will be suspected of consent. The instincts of human nature, revolting at this unnatural and heinous crime, compels the victim to cry out and denounce its foul perpetrator . . . .

*Id.* at 947.

■ In *Pepoon v. Commonwealth*, 192 Va. 804, 810, 66 S.E.2d 854, 858 (1951), the Court stated:

> In criminal trials for rape *and assault with intent to ravish*, . . . it may be shown by the testimony of the prosecuting witness, or that of other witnesses, that the prosecutrix made complaint of the outrage soon after its commission, for the purpose of corroborating her testimony, but not as independent evidence of the offense charged.

(emphasis added).

██ Thus, the "recent complaint" rule was extended to attempted rape cases. However, the Supreme Court has not extended this rule beyond rape and attempted rape cases. *See, e.g., Cartera v. Commonwealth*, 219 Va. 516, 248 S.E.2d 784 (1978)(rule not applicable to sodomy charges); *Moore v. Commonwealth*, 222 Va. 72, 278 S.E.2d 822 (1981)(rule is unique to rape cases); *Leybourne v. Commonwealth*, 222 Va. 374, 282 S.E.2d 12 (1981)(rule not applicable to charges of taking indecent liberties with children under Code § 18.2-370). Nevertheless, the Commonwealth argues on appeal that the definition of "sexual abuse" in Code § 18.2-67.10 when "fused with" Code § 18.2-67.3 comports with the language "cases of assault with intent to ravish" found in *Pepoon*. We disagree. Ravish is synonymous with rape. Aggravated sexual battery does not require an intent to have sexual intercouse. The Supreme Court has not extended this rule to cases other than rape, and we decline to do so.

Because it is clear that in this case the trier of fact considered the child's inadmissible recent complaint to bolster her credibility, Garland was prejudiced. Because he was prejudiced, we cannot conclude that the admission of this evidence was harmless.

Under these circumstances, it is not necessary to consider Garland's contention that the evidence was not sufficient to support his conviction. We reverse Garland's conviction and remand for a new trial consistent with this opinion, if the Commonwealth be so advised.

*Reversed and remanded.*

Coleman, J., and Moon, J., concurred.