COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Frank and Clements
Argued at Richmond, Virginia


HAL KENNEDY LEE

MEMORANDUM OPINION[*] BY
v.   Record No. 2191-00-2      JUDGE JEAN HARRISON CLEMENTS
OCTOBER 2, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
James B. Wilkinson, Judge

Carolyn V. Grady (Epperly, Follis & Schork,
P.C.; Carolyn V. Grady, P.C., on briefs), for
appellant.

Donald E. Jeffrey, III, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Appellant Hal Kennedy Lee was convicted in a jury trial of

rape in violation of Code § 18.2-61 and forcible sodomy in

violation of Code § 18.2-67.1. On appeal, he contends (1) the

evidence was not sufficient to sustain the convictions and (2) the

trial court erred by admitting into evidence Lee's hearsay

statements and by allowing prosecutorial misconduct. For the

reasons that follow, we affirm the convictions.

As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

value, this opinion recites only those facts and incidents of the

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

proceedings as necessary to the parties' understanding of the disposition of this appeal.

I.

Lee contends the evidence presented by the Commonwealth was insufficient to sustain his convictions because the victim's testimony was inconsistent, uncorroborated, and incredible.[1]

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 349, 494 S.E.2d 859, 866 (1998). We are further mindful that the "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely

_____

[1] Lee also asserts on appeal that the evidence was not sufficient to sustain his convictions because (1) there was no forensic evidence and (2) the evidence, being circumstantial, did not exclude every reasonable hypothesis of his innocence. However, these arguments were never presented to the trial court. Thus, they were not properly preserved, and Rule 5A:18 bars our consideration of them on appeal. Furthermore, we find no reason in the record to invoke the "good cause" or "ends of justice" exceptions. Lee also argues on appeal that his attorney failed to introduce DNA evidence vital to his defense. We denied Lee's petition for appeal on this question and will not consider it here.

-

for the fact[ ]finder's determination."  Keyes v. City of Virginia Beach, 16 Va. App. 198, 199, 428 S.E.2d 766, 767 (1993).  We will not disturb a conviction unless it is plainly wrong or unsupported by the evidence.  Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).

The Commonwealth preliminarily contends Lee's argument is procedurally barred on appeal because it was not presented explicitly enough at trial to apprise the trial court of the argument he now makes on appeal.  We disagree with the Commonwealth.  On a motion to strike, Lee's counsel argued to the trial court that, "under all the evidence the Court has heard, the credibility of some of the witnesses, [and] inconsistencies on the part of the Commonwealth's evidence the evidence was insufficient to convict Lee of rape and forcible sodomy."  Despite its lack of precision, we conclude that counsel's argument on Lee's behalf gave the trial court and the Commonwealth the opportunity to intelligently address, examine, and resolve this issue in the trial court.  The issue is, therefore, properly before us on appeal.

"The Commonwealth bears the burden of 'proving beyond a reasonable doubt each and every constituent element of a crime before an accused may stand convicted of that particular offense.'"  Bruce v. Commonwealth, 22 Va. App. 264, 268, 469 S.E.2d 64, 67 (1996) (quoting Martin v. Commonwealth, 13 Va. App. 524, 529, 414 S.E.2d 401, 403 (1992) (en banc)), aff'd, 256 Va.

-

371, 506 S.E.2d 318 (1998).  To convict Lee of rape under Code
§ 18.2-61, the Commonwealth had to prove beyond a reasonable doubt
that Lee had sexual intercourse with A.K.N. against her will, by
force.  To convict Lee of forcible sodomy under Code § 18.2-67.1,
the Commonwealth had to prove beyond a reasonable doubt that Lee
put his tongue in A.K.N.'s vagina against her will, by force.

A.K.N. lived with her mother.  Lee, the mother's paramour,
had a key to the house and visited often.  A.K.N. testified that,
on the day in question, she was walking from her room toward the
living room when Lee grabbed her by the arm, pulled her into the
kitchen, and told her "to let him eat [her] pussy."  When A.K.N.
said "no," Lee dragged her into her bedroom and pulled her jeans
down to her waist, "a little past [her] backside."  A.K.N. was
able to get her pants up and told Lee to "stop."  Lee then dragged
A.K.N. into her mother's room, where he again attempted to pull
down her jeans.  Again, A.K.N. told Lee to "stop."  A.K.N. told
Lee she did not want to have sex with him.  Lee then dragged
A.K.N. into the kitchen, pushed her against a cabinet, pulled her
jeans down to her ankles, and threw her on the floor.

A.K.N. testified that Lee "put his mouth on [her] vagina and
started licking it."  She felt his tongue "go inside of [her]
vagina."  When she resisted, he bit her "on [her] vagina."
Finally, Lee put her legs "over his shoulders" and "put his penis
in [her] vagina."  A.K.N. testified she felt his penis "inside"
her for about two minutes while he "move[d] his penis around

-

[inside her] vagina."  After the incident, A.K.N. went to a neighbor's home and called the police.

Ginger Allen, a nurse who examined A.K.N. later that day, testified that A.K.N. had injuries in the area between the vagina and the anus, lacerations inside the vagina, and bruising around the cervix and the wall of the vagina.  A.K.N.'s mother testified that Lee admitted to her in a telephone call after the preliminary hearing that he had engaged in consensual sex with A.K.N.

A.K.N.'s testimony established Lee's oral and penile penetration of her vagina.  The evidence was neither inherently incredible nor so contrary to human experience as to render it unworthy of belief as a matter of law.  See Simpson v. Commonwealth, 199 Va. 549, 558, 100 S.E.2d 701, 707 (1957).  The jury, as fact finder, believed A.K.N.'s testimony.  Convictions for sexual offenses may be sustained based upon the victim's testimony alone.  Garland v. Commonwealth, 8 Va. App. 189, 191, 379 S.E.2d 146, 147 (1989).  Here, however, the Commonwealth also presented corroborating medical evidence that A.K.N. had suffered recent injuries to her vagina.  Furthermore, Lee confessed to A.K.N.'s mother his act of sexual intercourse with A.K.N.

Based on our review of the record, we cannot say the jury's verdict was plainly wrong or without credible evidence to support it.  We hold that the evidence presented was sufficient for the jury to conclude beyond a reasonable doubt that Lee committed rape and forcible sodomy upon A.K.N.

-

II.

Lee contends the trial court erred by allowing Detective Toney to testify about statements made to him by Lee. Those statements, Lee argues, were hearsay and should not have been admitted into evidence. However, Lee failed to object to this testimony in the trial court. Lee also asserts the trial court erred in admitting testimony from A.K.N.'s mother that Lee told her he had engaged in consensual sex with A.K.N. However, Lee's objection to that testimony in the trial court was based on relevance, not the hearsay claim he now raises on appeal.

Lee further argues the prosecutor improperly interjected personal opinion and emotional appeal in her closing argument during the guilt phase of the trial when she told the jury: "Decent men don't do things that Hal Lee did. Rapists do." Although Lee did not object to the argument at trial, he now asserts the trial court had an affirmative duty to act to ensure him a fair and impartial trial. He was, he concludes, prejudiced by the trial court's failure to take corrective action.

Finally, Lee contends he was also prejudiced in the sentencing phase of the trial when the Commonwealth asked Lee's wife if she was aware that Lee had been investigated for committing an unrelated sexual offense against his child. Although Lee did not immediately object to the question, the trial judge interrupted the answer, indicating that the evidence of the alleged investigation was not relevant. At Lee's request, the

-

trial judge gave the jury a cautionary instruction to disregard the testimony concerning the alleged investigation.

The Commonwealth contends that Lee's claims are barred under Rule 5A:18 because he failed to properly preserve these issues at the trial level for appeal.

Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefore <u>at the time of the ruling</u>." (Emphasis added.) Thus, we will not consider a claim of trial court error as a ground for reversal "where no timely objection was made." <u>Marshall v. Commonwealth</u>, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998). Likewise, we will not consider an argument on appeal that is different from the argument presented to the trial court, even if it relates to the same issue. <u>See</u> Rule 5A:18; <u>Buck v. Commonwealth</u>, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994); <u>Ohree v. Commonwealth</u>, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). The purpose of these rules is to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals and reversals. <u>Lee v. Lee</u>, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (<u>en</u> <u>banc</u>); <u>Kaufman v. Kaufman</u>, 12 Va. App. 1200, 1204, 409 S.E.2d 1, 3-4 (1991).

Lee acknowledges that he did not preserve these issues but asks us to find that the trial judge committed manifest injustice and to invoke the "ends of justice" exception to Rule 5A:18 in order to consider the merits of his claims. "[T]he ends of justice exception is narrow and is to be used sparingly . . . ." Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10 (1989). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). The trial error must be "clear, substantial and material." Brown, 8 Va. App. at 132, 380 S.E.2d at 11.

The statements Lee made to Detective Toney and to the victim's mother were clearly admissible against him as party admissions. Furthermore, it was entirely proper for the prosecutor to argue and comment on the testimony, any discrepancies in the evidence, and inferences and conclusions to be drawn therefrom. Lee does not affirmatively persuade us, as he must, that a miscarriage of justice occurred because of the Commonwealth's argument. Finally, the record reflects that the trial judge instructed the jury to disregard the information about an unrelated investigation that was brought up during the penalty phase. Juries are presumed to follow "an explicit cautionary instruction promptly given, unless the record clearly shows that the jury disregarded it." Spencer v. Commonwealth, 240 Va. 78,

-

95, 393 S.E.2d 609, 619 (1990).  The record does not indicate the jury failed to follow the cautionary instruction given by the trial judge.  We hold, therefore, that the "ends of justice" exception does not require us to consider these arguments on appeal.

Accordingly, we affirm Lee's convictions.

<u>Affirmed.</u>