COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, McClanahan and Petty
Argued by teleconference


MICHAEL ANTHONY LEVESQUE

MEMORANDUM OPINION[*] BY
v.      Record No. 3071-08-3      JUDGE ROBERT P. FRANK
                                  NOVEMBER 17, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROANOKE COUNTY
James R. Swanson, Judge

Thomas E. Wray for appellant.

Karen Misbach, Assistant Attorney General II (William C. Mims,
Attorney General, on brief), for appellee.


Michael Anthony Levesque, appellant, was convicted, in a bench trial, of aggravated sexual

battery in violation of Code § 18.2-67.3.  On appeal, he contends the evidence was insufficient to

sustain his conviction.  For the following reasons, we affirm.

Under settled principles, we review the evidence in the light most favorable to the

Commonwealth.  Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  That

principle requires us to "discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all

fair inferences to be drawn therefrom."  Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d

755, 759 (1980) (emphasis and citation omitted).

D.F., eight years old, testified that while he was in kindergarten he regularly visited his

grandparents on weekends.  Appellant, D.F.'s uncle by marriage, would frequently be present

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

during these visitations. D.F. testified that during these visits, his uncle would place his hands under D.F.'s clothing and touch his "butt" and his "pee pee." The touching would occur in appellant's bedroom, and it continued until D.F. was in the second grade.

During D.F.'s cross-examination, D.F. became exceptionally emotional, prompting the trial court to allow the Commonwealth to proceed via closed circuit television. When the cross-examination continued, D.F. repeatedly stated, "I'm sorry. I'm sorry" and told the court twice that he was sorry for telling a lie.

In an interview with Detective Cromer, appellant told Cromer that he still has "sexual thoughts" and fantasies, but "he cuts them off before they go." Cromer indicated that during this conversation appellant "made it clear that [appellant] had a problem with young girls" and explaining that "young boys were not his thing."

The trial court found D.F.'s testimony credible and noted, "I have had the benefit of observing [D.F] today, of observing probably the most painful extraction of testimony I have ever seen." The court then concluded the inconsistencies in D.F.'s testimony were "tangential at best" and found D.F. to be "entirely credible" and "compelling."

Appellant does not argue that the evidence, viewed in the light most favorable to the Commonwealth, fails to establish an essential element of the charged offense. Rather, he contends that the evidence was insufficient to support his conviction because D.F.'s testimony was inherently unbelievable. Specifically, appellant contends that D.F.'s statements to a counselor and during his preliminary hearing were inconsistent with his trial testimony. For example, D.F. used the word "penis" with his counselor, but insisted on referring to his "pee pee" at trial. D.F. also indicated in a prior statement that he did not fight with his younger cousins, while he admitted to fighting with them in trial testimony. Appellant further points out that D.F.'s recollection during the trial as to when the touching stopped varied from his earlier

testimony, including variances as to the actual end date and the particular days of the week. Finally, appellant claims that D.F. admitted he and appellant did not get along and that he did not tell anyone about the alleged abuse although his grandparents and aunt were often in the house while appellant was touching D.F. His two cousins, ages two and five, were present in the bedroom during the abuse.

> The conclusions of the fact finder on issues of witness credibility may only be disturbed on appeal if we find that the witness' testimony was "inherently incredible, or so contrary to human experience as to render it unworthy of belief." Fisher v. Commonwealth, 228 Va. 296, 299-300, 321 S.E.2d 202, 204 (1984). Thus, the testimony of a single witness, if found credible by the trial court and not found inherently incredible by this Court, is sufficient to support a conviction.

McCary v. Commonwealth, 36 Va. App. 27, 41, 548 S.E.2d 239, 246 (2001).

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The trier of fact is not required to accept a witness' testimony in total, but instead is free to "rely on it in whole, in part, or reject it completely." Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).

"[A] conviction for rape and other sexual offenses may be sustained solely upon the uncorroborated testimony of the victim." Wilson v. Commonwealth, 46 Va. App. 73, 87, 615 S.E.2d 500, 507 (2005). "'Because sexual offenses are typically clandestine in nature, seldom involving witnesses to the offense except the perpetrator and the victim, a requirement of corroboration would result in most sex offenses going unpunished.'" Id. at 89, 615 S.E.2d at 507 (quoting Garland v. Commonwealth, 8 Va. App. 189, 192, 379 S.E.2d 146, 147 (1989)).

We find the victim's testimony was not "inherently incredible, or so contrary to human experience as to render it unworthy of belief." Fisher, 228 Va. at 299, 321 S.E.2d at 204. The

record does indicate discrepancies in D.F.'s accounts of what occurred and when. However, "[p]rior inconsistent testimony is a factor in determining the credibility of a witness, but it does not automatically render the witness' testimony incredible. Inconsistent statements by a witness go to the weight and sufficiency of the testimony, not the competency of the witness." Fordham v. Commonwealth, 13 Va. App. 235, 240, 409 S.E.2d 829, 832 (1991) (citations omitted).

The trial court recognized these inconsistencies. However, the court remarked that it had the benefit of observing D.F. at trial and that the court was "entirely satisfied" that the inconsistencies were of no consequence. Because the court closely observed D.F.'s demeanor and fully considered his credibility, we find the trial court did not err in concluding that D.F. was a credible witness and that his minor inconsistencies from statement to statement were immaterial.

Appellant argues that D.F. admitted lying. A close review of the record indicates that D.F.'s first apology for telling a lie referenced his statement that he did not fight with his cousins, when in fact he did. D.F.'s second reference to a lie concerns the date when the abuse stopped. As stated above, the trial court resolved these issues in favor of D.F. and commented that "I do not think they even collectively afford a basis to attribute to [D.F.] the intent to mislead, misrepresent, [or] wrongly accuse," appellant. At no time did D.F. waver on the facts of the specific sexual abuse. We find no error in the trial court's judgment.

Because the trial court's judgment is not plainly wrong or without evidence to support it, we affirm his conviction.

Affirmed.