COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, AtLee and Raphael
Argued at Norfolk, Virginia

ALEXANDER FAUCETT, S/K/A
 ALEXANDER LEE FAUCETT

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0291-21-1                      JUDGE STUART A. RAPHAEL
                                                    FEBRUARY 21, 2023

COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                              Bonnie L. Jones, Judge

           Charles E. Haden for appellant.

           Rebecca M. Garcia, Assistant Attorney General (Jason S. Miyares,
           Attorney General, on brief), for appellee.


       The trial court convicted Alexander Faucett of rape (Code § 18.2-61), forcible sodomy

(Code § 18.2-67.1), and indecent liberties with a child (Code § 18.2-370).  Faucett challenges the

sufficiency of the evidence to sustain his convictions, contending that the complaining witness's

testimony was not credible and that no other evidence corroborated her account.  Finding no

error, we affirm the trial court's judgment.

                                        BACKGROUND

       "In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial."  *Poole v.*

*Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469,

472 (2018)).  In doing so, we discard any of the appellant's conflicting evidence and regard as

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

A.L. testified that when she was a young child, Faucett started dating her mother and soon moved into their residence. Faucett and A.L.'s mother had two children together. A.L.'s older brother also lived in the residence.

In late February or early March 2018, soon after A.L.'s fourteenth birthday, Faucett began sexually abusing her. During the first incident, A.L. awoke to find Faucett touching her breasts. Faucett removed A.L.'s clothes and touched her vagina in "a circular motion" with his fingers. A.L. angrily told Faucett to stop, but he told her to be quiet. Faucett continued to abuse her over several months, sometimes when her mother and siblings were asleep and sometimes when her mother was away from home. Faucett often touched A.L.'s breasts, vagina, and anus. Faucett would sometimes rub his penis against her vagina and order her to touch his exposed penis with her hands. A.L. explained that she "didn't really resist" because she had "seen him do some scary things in the past."

In December 2018, Faucett entered A.L.'s room one night while her mother was asleep, as he had done on other occasions. This time, however, he penetrated her vagina with his penis. A.L. exclaimed that "it hurt," but Faucett told her to "quiet down." Faucett also licked her vagina. When A.L. kicked Faucet off, he stopped and left. In February 2019, Faucett and A.L.'s mother ended their relationship and Faucett left the residence.

A.L. confided in her friend—J.—while the abuse was ongoing, but A.L. did not tell her mother. Faucett threatened that, if A.L. told her mother, A.L. would be sent to live with her father, whom she feared. Faucett also threatened to hurt A.L.'s mother. A.L. believed him, having seen Faucett lay hands on her mother and push her against a wall. A.L. also worried that

Faucett would begin sexually abusing her younger sister. So A.L. "made a deal with him"—if Faucett promised not to touch her little sister, he could do "whatever" he wanted with A.L.

A.L.'s mother learned of the abuse while arguing with A.L. about her poor performance in school. A.L. had started skipping school, acting out, and "retaliating" on herself. She suffered "panic attacks" and was quick to anger. Her friend J. encouraged A.L. to tell her mother and aunt about the abuse. When A.L. hesitated, J. "just basically told them." A.L. then confirmed that Faucett had sexually abused her.

A.L.'s mother reported the abuse to the police. Hampton Police Officer Loftus met with A.L. and her mother in June 2019 and noted that A.L. "seemed a little bit distraught, a little bit upset." Hampton Detective Smith interviewed A.L. and her friend J. In January 2020, the City of Hampton obtained warrants for Faucett's arrest for alleged rape, forcible sodomy, and indecent liberties with a child.

During Faucett's bench trial in December 2020, A.L. could not remember the precise dates she was abused. She acknowledged that she had misstated a date in her preliminary-hearing testimony. A.L. also acknowledged that she felt angry with Faucett for bringing assault charges against her brother. But A.L. said she was not angry with Faucett for moving out, and she denied fabricating the sexual abuse allegations or retaliating against him out of anger.

A.L., her friend A.W., and Detective Smith also testified at trial about an unrelated sexual-abuse investigation in 2013. A.W. had reported that Faucett assaulted her and A.L. But A.L. denied to the investigators that Faucett had made sexual advances toward them. A.L. testified that she had lied to the investigators in 2013 because she was afraid and confused.[1]

---

[1] The 2013 investigation led to no criminal charges against Faucett. The criminal complaint and conviction order in this case are based only on the 2018 abuse.

A.L.'s mother testified at trial that she learned of the 2018 sexual abuse "a couple of months after [Faucett] left" the residence. She confirmed that A.L. had been having problems at school, that they had argued, and that A.L.'s friend J. had disclosed the abuse.

Faucett testified in his own defense, denying that he had sexually abused A.L. The trial court found A.L. "very credible," however. The court convicted Faucett of rape under Code § 18.2-61, forcible sodomy under Code § 18.2-67.1, and indecent liberties under Code § 18.2-370. The court sentenced Faucett to a total of 70 years' incarceration on the three charges, with 56 years suspended. Faucett appeals.

## ANALYSIS

Faucett argues that the trial court erred by denying his motion to strike because "the contradictory statements by A.L. and her admission of having lied to the police in the past," combined with "the absence of corroboration in the form of medical or forensic evidence, the absence of other eyewitnesses to the alleged abuse, and the absence of confessions by Faucett, constituted circumstances collectively pointing to a failure of the Commonwealth's burden of proof."

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is, upon review of the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*

- 4 -

(quoting *Pijor*, 294 Va. at 512). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

The trial court's finding of guilt was not "plainly wrong or without evidence to support it." *Smith*, 296 Va. at 460. A.L.'s testimony alone, if credible, was sufficient to support Faucett's convictions. Settled law holds that "a conviction for rape and other sexual offenses may be sustained solely upon the uncorroborated testimony of the victim." *Wilson v. Commonwealth*, 46 Va. App. 73, 87 (2005). "As we have noted, '[b]ecause sexual offenses are typically clandestine in nature, seldom involving witnesses to the offense except the perpetrator and the victim, a requirement of corroboration would result in most sex offenses going unpunished.'" *Id.* at 88 (alteration in original) (quoting *Garland v. Commonwealth*, 8 Va. App. 189, 192 (1989)).

Although Faucett asserts that A.L.'s testimony was not credible, the "conclusions of the fact finder on issues of witness credibility 'may only be disturbed on appeal if this Court finds that [the witness'] testimony was "inherently incredible, or so contrary to human experience as to render it unworthy of belief."'" *Johnson v. Commonwealth*, 58 Va. App. 303, 315 (2011) (alteration in original) (quoting *Robertson v. Commonwealth*, 12 Va. App. 854, 858 (1991)). "To be 'incredible,' testimony 'must be either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Lambert v. Commonwealth*, 70 Va. App. 740, 759 (2019) (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)).

"A legal determination that a witness is inherently incredible is very different from the mere identification of inconsistencies in a witness' testimony or statements. Testimony may be

contradictory or contain inconsistencies without rising to the level of being inherently incredible as a matter of law." *Kelley v. Commonwealth*, 69 Va. App. 617, 626 (2019). "The mere fact that a witness may have . . . given inconsistent statements during the investigation of a crime does not necessarily render the testimony unworthy of belief." *Juniper*, 271 Va. at 415. Rather, that "circumstance is appropriately weighed as part of the entire issue of witness credibility," *id.*, a matter to be "'resolved by the fact finder,' not the appellate court," *Kelley*, 69 Va. App. at 626 (quoting *Towler v. Commonwealth*, 59 Va. App. 284, 292 (2011)). "Where credibility issues are resolved by the [fact finder] in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong." *Smith v. Commonwealth*, 56 Va. App. 711, 718 (2010).

Faucett fails to overcome that high bar to show that A.L. was inherently incredible. A.L. acknowledged that she had confused a date in her preliminary-hearing testimony and that she was upset when Faucett brought assault charges against her brother. But inconsistencies in the witness's testimony, even when combined with a potential motive to lie, do not necessarily render that testimony inherently incredible. *Kelley*, 69 Va. App. at 626-27. A.L. testified that it is easier for her to remember incidents by her age rather than by dates, which is understandable given her youth. She denied fabricating the allegations out of anger, stating that she wanted Faucett to support her younger siblings and not be in prison. And although A.L. admitted to having lied to investigators in 2013, she said that her trial testimony was the truth. That A.L. lied as a frightened nine-year-old child nearly a decade ago did not render her trial testimony "unworthy of belief." *Juniper*, 271 Va. at 415. "[A] 'victim's youth, fright and embarrassment'" can help explain her actions. *Smith*, 56 Va. App. at 719 (quoting *Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991)).

A.L. testified consistently that Faucett sexually abused her for months in 2018 and that the abuse ended only when he moved out of the residence. Her testimony was corroborated in

part by the evidence that she reported the abuse to a friend, who later related the information to A.L.'s mother. The trial court occupied the unique position to "see[] and hear[] the witnesses" and to judge their credibility. *Canada v. Commonwealth*, 75 Va. App. 367, 386 (2022) (quoting *Elliott v. Commonwealth*, 277 Va. 457, 462 (2009)). Despite the flaws in A.L.'s account, the court found her "very credible." That determination was not "plainly wrong." *Smith*, 56 Va. App. at 718.

Finally, the trial court acted within its discretion in determining that Faucett was not credible. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Speller v. Commonwealth*, 69 Va. App. 378, 388 (2018). The trial court thus had ample basis to reject Faucett's testimony in favor of A.L.'s.

## CONCLUSION

The Commonwealth's evidence sufficed to prove Faucett's guilt beyond a reasonable doubt.

*Affirmed.*