COURT OF APPEALS OF VIRGINIA

Present: Judges Raphael, White and Senior Judge Petty

UNPUBLISHED

DANIEL EDWARD KRENICKY

v.      Record No. 0790-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
JULY 18, 2023

FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
W. Allan Sharrett, Judge

(Jonathan P. Bourlier; Law Office of Jonathan P. Bourlier, on brief),
for appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Mason D. Williams, Assistant
Attorney General, on brief), for appellee.


Following a bench trial, the trial court convicted Daniel Edward Krenicky of object sexual

penetration of a child under thirteen, sodomy, aggravated sexual battery of a child under thirteen,

and indecent liberties with a minor by a parent. The trial court sentenced Krenicky to life

imprisonment for both the sexual penetration and sodomy convictions, and to twenty-five years'

imprisonment for the remaining two convictions. Krenicky challenges the sufficiency of the

evidence to sustain his convictions.[1] After examining the briefs and record, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] In his brief, Krenicky suggests that he did not preserve his sufficiency challenge but asks this Court to apply Rule 5A:18's ends of justice exception to consider it. We find "that the challenge to the sufficiency of the evidence was properly preserved by the appellant's closing argument in h[is] bench trial." *Thorne v. Commonwealth*, 66 Va. App. 248, 250 n.1 (2016). "Consequently, Rule 5A:18 does not bar consideration of the merits of h[is] claim." *Id.*

merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). For the following reasons, we affirm the trial court's judgment.

## BACKGROUND

On appeal, we review the evidence "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

After a car accident involving Krenicky and his daughter M.K. in November 2018, M.K.'s grandfather, James Touchard, obtained custody of her. In March 2019, Touchard was at home watching a football game while nine-year-old M.K. played with Doris Upton's four-year-old grandson. When Touchard went to the bathroom, he found M.K. "on top of" the boy; both children's pants were down. Touchard contacted Child Protective Services, who then alerted police.

In April 2019, Briana Valentino conducted a forensic interview of M.K. concerning the incident. M.K. disclosed that Krenicky had had "sex" with her ten or twelve times. She described how he had licked her "private," rubbed his chin on it, "humped" her," and pressed his "private" against her. Using anatomical drawings, M.K. identified a female's private as the genital area, and a male's private as the penis.

A grand jury indicted Krenicky for object sexual penetration of a child under thirteen, sodomy, aggravated sexual battery of a child under thirteen, and indecent liberties with a minor by a parent. At trial, M.K. testified that on the night of November 16, 2018—the night before the car accident—Krenicky "mess[ed] with" her. M.K. went to Krenicky's bedroom after having a "bad dream" and found him naked. Krenicky removed M.K.'s pajamas, pants, and underwear and placed

his mouth on her "private part." M.K. testified that Krenicky initially put his hand on, then "inside" her "private part." He then spread M.K.'s legs and "started licking" and placing his tongue "inside" her "private part." When M.K. rolled onto her stomach, Krenicky "got on top" of her and began "humping" her. M.K. testified that she felt Krenicky's "private part" repeatedly "pushing into [her] belly," but it did not enter her "private part." Eventually, M.K. "felt something" warm, "gooey and disgusting" come out of Krenicky's "private part," which then "shrank."

M.K. testified that Krenicky had "messed with" her ten or twelve times before the incident and had once asked her to "suck [his] private part." M.K. reported the abuse to her mother, but her mother said, "It's okay."

Valentino, an expert in forensic interviewing, testified that she did not notice anything during M.K.'s forensic interview[2] indicating that M.K.'s disclosures were "coached." Valentino opined that M.K.'s allegations were credible because M.K. made admissions during the interview that could get M.K. "in trouble."

Impeached by his prior convictions for misdemeanor crimes of moral turpitude, Krenicky denied sexually touching or penetrating M.K. He claimed not to recall M.K. entering his bedroom on the night before the car accident.

During closing argument, Krenicky asserted that the trial court should acquit him of all charges because his testimony was more credible than M.K.'s, which was uncorroborated by physical evidence and contained "substantive inconsistencies." The trial court found that M.K.'s testimony was credible because she had no motive to fabricate her claims and provided significant details about the incident that she "couldn't have" known "unless she had been there." Accordingly, the trial court convicted Krenicky of object sexual penetration of a child under thirteen, sodomy,

---

[2] At trial, the Commonwealth introduced a video of M.K.'s forensic interview.

aggravated sexual battery of a child under thirteen, and indecent liberties with a minor by a parent. Krenicky appeals.

## ANALYSIS

In his sole assignment of error, Krenicky contends that the evidence was insufficient to sustain his convictions because M.K.'s allegedly uncorroborated testimony was incredible and the trial court should have credited his testimony, which he claims was "clear, concise, and unrebutted." We disagree.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Such deference stems, in part, from the trial court's "opportunity to observe the testimony and demeanor of all witnesses." *Lopez v. Commonwealth*, 73 Va. App. 70, 81 (2021). Accordingly, settled principles dictate that "[d]etermining the credibility of witnesses . . . is within the exclusive province of the [fact finder], which has the unique opportunity to observe

the demeanor of the witnesses as they testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (second alteration in original) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)). "[T]he conclusions of the fact finder on issues of witness credibility may be disturbed on appeal only when we find that the witness' testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" *Ragsdale v. Commonwealth*, 38 Va. App. 421, 429 (2002) (quoting *Ashby v. Commonwealth*, 33 Va. App. 540, 548 (2000)). "Evidence is not 'incredible' unless it is 'so manifestly false that reasonable men ought not to believe it' or 'shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Gerald v. Commonwealth*, 295 Va. 469, 487 (2018) (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)).

Krenicky's contention that M.K.'s testimony was incredible because "no physical evidence" corroborated her testimony is unpersuasive. It is well-settled that "a conviction for rape and other sexual offenses may be sustained solely upon the uncorroborated testimony of the victim." *Wilson v. Commonwealth*, 46 Va. App. 73, 87 (2005). To be sure, "because sexual offenses are typically clandestine in nature, seldom involving witnesses to the offense except the perpetrator and the victim, a requirement of corroboration would result in most sex offenses going unpunished." *Id.* at 88 (quoting *Garland v. Commonwealth*, 8 Va. App. 189, 192 (1989)).

The record here supports the trial court's finding that Krenicky sexually abused M.K. as alleged. At trial, M.K. testified unequivocally that Krenicky had digitally and orally penetrated her vagina and the abuse occurred between ten and twelve times. That testimony alone was sufficient to sustain his convictions. *Cf. Alvarez Saucedo v. Commonwealth*, 71 Va. App. 31, 48-49 (2019) (holding ten-year-old victim's testimony that the defendant "touched her vagina with his tongue" was sufficient to prove oral sodomy).

Consistent with that testimony, M.K. also told the forensic interviewer that Krenicky had "sex" with her multiple times. *See Anderson v. Commonwealth*, 282 Va. 457, 464 (2011) (holding a fact finder may consider a witness's prior consistent statements in assessing credibility). In addition, the trial court could discount Krenicky's self-serving denial that he sexually abused M.K. as "little more than lying to 'conceal his guilt,' and could treat such prevarications as 'affirmative evidence of guilt.'" *Coleman v. Commonwealth*, 52 Va. App. 19, 25 (2008) (first quoting *Haskins v. Commonwealth*, 44 Va. App. 1, 10 (2004); and then quoting *Wright v. West*, 505 U.S. 277, 296 (1992)).

In sum, M.K.'s testimony that Krenicky digitally and orally penetrated her vagina on multiple occasions was competent, not inherently incredible, and sufficient to prove beyond a reasonable doubt that he was guilty of object sexual penetration of a child under thirteen, sodomy, aggravated sexual battery of a child under thirteen, and indecent liberties with a minor by a parent. Accordingly, the trial court's judgment was not plainly wrong and we do not disturb it.

CONCLUSION

For the above reasons, we affirm the trial court's judgment.

*Affirmed.*