Alexandria

RICHARD CORVIN

v.

COMMONWEALTH OF VIRGINIA

No. 1218-90-4

Decided November 19, 1991

COUNSEL

Roy David Bradley, Assistant Public Defender (Office of the Public Defender, City of Leesburg, on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BRAY, J.**—Richard Corvin (defendant) was convicted by a jury of forcible sodomy and attempted forcible sodomy and sentenced to twenty-nine years imprisonment, with ten years suspended. He appeals and contends that (1) the victim's failure to report the incident for fourteen months constituted unreasonable delay, rendering the victim an inherently incredible witness, and (2) the trial court improperly admitted evidence of defendant's intimate relationship with a male defense witness which strongly suggested other criminal activity. We disagree and affirm the conviction.

 Following well established principles, we must view all the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom. *Traverso v. Commonwealth*, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). The jury's verdict will not be disturbed on appeal unless it is plainly wrong or without evidence to support it. *Id.*

On August 25, 1988, the victim, a juvenile, was arrested for possession of alcohol. In accordance with usual procedure in that locality, the arresting officer contacted defendant, the juvenile pro-

bation officer on-call that evening. Defendant responded, and, after conferring with the victim and the arresting officer, spoke with the victim's family by telephone, explained the situation and offered to drive the victim to his grandmother's home.

The victim testified, however, that defendant instead took him to his apartment. After offering the victim a beer, defendant discussed juvenile detention, describing it as a "living nightmare," and threatened to send him there unless the victim agreed to engage in sexual acts. Defendant then performed fellatio and attempted anal intercourse with the victim, after which he drove the victim to his grandmother's home.

The victim testified that, while in the apartment, defendant made a telephone call both prior to and following the sexual assault. The grandmother testified that, after receiving the initial phone call from the arresting officer, she received two additional calls during the succeeding two hours. The first call was from "a man" who advised her that the victim was with him and would remain overnight. The second caller, also "a man," told her that the victim had changed his mind and wished to come to her home. The grandmother recalled that the victim arrived at her house with "a man" shortly after the last call.

The victim did not report the incident until another arrest on an unrelated matter, fourteen months later. When the arresting officer involved in that offense mentioned the possibility of detention, the victim became very upset and emotional. The officer and a different probation officer thought the victim overreacted and, after questioning, the victim related the earlier incident with defendant.

At trial, a defense witness testified that defendant did not move into the apartment described by the victim until after the incident. When questioned on cross-examination, this witness admitted that he was an "intimate friend" of defendant and had engaged in "sexual relations" with him.[1] Over defendant's objection, the trial court permitted this evidence as relevant to the witness' possible bias in favor of defendant.

---

[1] The elicited testimony never specified the nature of "intimate" friendship or the "sexual relations," and the prosecution never characterized the relationship as a crime.

Defendant first argues that the victim waited an unreasonably long period before reporting the offense and characterizes the victim's testimony as uncorroborated and inherently incredible.

The credibility of a witness is a matter solely for the jury to decide. *Mullis v. Commonwealth*, 3 Va. App. 564, 571, 351 S.E.2d 919, 923 (1987). In this case, any credibility issues were resolved by the jury in favor of the Commonwealth and they will not be disturbed on appeal unless plainly wrong. *Castaneda v. Commonwealth*, 7 Va. App. 574, 584, 376 S.E.2d 82, 87 (1989) (en banc); *Smith v. Commonwealth*, 7 Va. App. 310, 314, 373 S.E.2d 340, 343 (1988).

The victim's failure to immediately report the incident did not render his testimony inherently incredible as a matter of law. *See Hammer v. Commonwealth*, 207 Va. 159, 162, 148 S.E.2d 892, 894 (1966). The jury was entitled to attribute such significance as it deemed appropriate to this delay. *Id.* In *Willis & Bell v. Commonwealth*, the court held that failure to report a rape for an unreasonably long period after the incident occurred casts "suspicion and doubt" on the victim's testimony "unless there is a credible explanation for such delay." 218 Va. 560, 563, 238 S.E.2d 811, 813 (1977). The victim's youth, fright and embarrassment certainly provided the jury with an acceptable explanation for his behavior in these circumstances.

Furthermore, although portions of the victim's testimony were corroborated, convictions for sodomy and other sexual offenses may be sustained solely upon the testimony of the victim without corroboration. *Garland v. Commonwealth*, 8 Va. App. 189, 191, 379 S.E.2d 146, 147 (1989). The jury's verdict in this instance finds ample support in the evidence and was correctly sustained by the trial court.

Defendant next complains that the trial court improperly admitted the evidence of his intimate relationship with the male defense witness. He argues that this testimony indicated to the jury a likelihood that he had engaged in other criminal activity, evidence which is generally inadmissible. *Lewis v. Commonwealth*, 225 Va. 497, 502, 303 S.E.2d 890, 892-93 (1983); *Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970).

■ This evidence, however, was admitted solely for the purpose of revealing the witness' possible bias in favor of the defendant and " 'bias of a witness is always a relevant subject of inquiry when confined to ascertaining previous relationship, feeling and conduct of the witness.' " *Henning v. Thomas*, 235 Va. 181, 188, 366 S.E.2d 109, 113 (1988) (quoting *Henson v. Commonwealth*, 165 Va. 821, 826, 183 S.E. 435, 437 (1936)). " '[O]n cross-examination, great latitude is allowed and . . . the general rule is that anything tending to show the bias on the part of a witness may be drawn out.' " *Id.*

In *Adams v. Commonwealth*, 201 Va. 321, 111 S.E.2d 396 (1959), the defendant also argued that the trial court erred in admitting evidence of "prior criminal acts of sexual immorality" by defendant and a defense witness. *Id.* at 326, 111 S.E.2d at 399. The court held that, since the inquiries "concerned the relations of these two persons to each other," they "related to the credibility of these witnesses and the weight which should be given their testimony, and they were admissible for that purpose." *Id.* at 326, 111 S.E.2d at 399-400.

Similarly, in *Patterson v. Commonwealth*, 222 Va. 653, 283 S.E.2d 212 (1981), the trial court held that the testimony of a witness which referred to prior unrelated crimes of the defendant was admissible because "[i]t was not offered, as defendant suggests, as affirmative evidence to show defendant committed the crimes with which he was charged" but "was directed to the issue of [the witness'] credibility." *Id.* at 663, 283 S.E.2d at 218. Like the present case, the prior crime in *Patterson* was an offense similar to that for which defendant was then on trial.

We thus hold that, under the circumstances of this case, evidence of the witness' intimate relationship with defendant was material to the issue of credibility and the trial court properly concluded that its probative value outweighed any prejudicial effect. *See Wise v. Commonwealth*, 6 Va. App. 178, 188, 367 S.E.2d 197, 203 (1988); *Curtis v. Commonwealth*, 3 Va. App. 636, 638-39, 352 S.E.2d 536, 537-38 (1987).

Accordingly, the judgment of conviction is affirmed.

*Affirmed.*

Duff, J., and Moon, J., concurred.