COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Fitzpatrick
Argued at Salem, Virginia


BARRY EDWARDS ENGLISH
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 0947-96-3     JUDGE RICHARD S. BRAY
                                         APRIL 29, 1997
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                     William N. Alexander, II, Judge

            W. Clarke Whitfield, Jr. (Turner, Haskins &
            Whitfield, PLC, on brief), for appellant.

            Monica S. McElyea, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     Barry Edwards English (defendant) was convicted in a bench

trial of three counts of aggravated sexual battery in violation

of Code § 18.2-67.3 and one count of forcible sodomy in violation

of Code § 18.2-67.1.  On appeal, he complains that the evidence

was insufficient to support the convictions.  We disagree and

affirm the trial court.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

therefrom. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The judgment of a trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it. See id. The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). An appellate court "should not . . . substitute its own judgment [on these issues], even if its opinion might differ from [the fact finder's]." George v. Commonwealth, 242 Va. 264, 278, 411 S.E.2d 12, 20 (1991) (quoting Snyder v. Commonwealth, 202 Va. 1009, 1016, 121 S.E.2d 452, 457 (1961)), cert. denied, 503 U.S. 973 (1992).

Here, the offenses occurred in the fall of 1989 and were not reported until 1995. However, the victim was only nine or ten years of age when assaulted, and defendant, with a history of violence, threatened to harm both her and her family if she reported the abuse. Following the crimes, defendant was imprisoned on unrelated convictions, and the victim spoke only after learning of his imminent release. The significance, if any, attributable to such delay is a matter for consideration by the fact finder, and the mere "failure to immediately report the incident [does] not render [a victim's] testimony inherently incredible as a matter of law." See Corvin v. Commonwealth, 13

- 2 -

Va. App. 296, 299, 411 S.E.2d 235, 237 (1991).  Under the instant circumstances, the court correctly concluded that the victim's conduct was reasonable and did not discredit her testimony.

Moreover, other evidence provided ample support for the convictions.  Defendant had resided in the home with the victim and her mother between early September and late November, 1989, and was regularly alone with the child.  The victim recounted the offending events in detail, and her testimony was alone sufficient to establish defendant's guilt.  See, e.g., id.

Accordingly, we affirm the convictions.

Affirmed.