COURT OF APPEALS OF VIRGINIA


Present: Judges Kelsey, McClanahan and Beales
Argued at Salem, Virginia


SIXTO LOPEZ LAINES, S/K/A
  SIXTOE LOPEZ LAINES
                                                MEMORANDUM OPINION[*] BY
v.      Record No. 0657-08-3                    JUDGE ELIZABETH A. McCLANAHAN
                                                AUGUST 18, 2009
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
                              C. Randall Lowe, Judge

            Barry L. Proctor for appellant.

            Erin M. Kulpa, Assistant Attorney General (William C. Mims,
            Attorney General, on brief), for appellee.


        Sixto Lopez Laines appeals from convictions for twelve counts of sodomy, seven counts

of object sexual penetration, and six counts of rape. He argues the evidence was insufficient to

support these convictions. We affirm the judgment of the trial court.

                                    I. BACKGROUND

        On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (citation omitted).

That principle requires us to "'discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and

all fair inferences that may be drawn therefrom.'" Kelly v. Commonwealth, 41 Va. App. 250,

254, 584 S.E.2d 444, 446 (2003) (en banc) (quoting Watkins v. Commonwealth, 26 Va. App.

335, 348, 494 S.E.2d 859, 866 (1998)). See also Bolden v. Commonwealth, 275 Va. 144,

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

147-48, 654 S.E.2d 584, 586 (2008); Molina v. Commonwealth, 272 Va. 666, 671, 636 S.E.2d 470, 473 (2006); Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005); Walton v. Commonwealth, 255 Va. 422, 425-26, 497 S.E.2d 869, 871 (1998).

In 2001, Sixto Laines began living with the mother of two children, a daughter, A.L., who was seven years old, and a son, C.L., who was five years old.[1] When A.L. was eight or nine years old and in the third grade,[2] Laines began putting his tongue and finger inside her vagina every time her mother left to go to the laundromat or grocery shopping, which was at least once a week. This molestation continued until A.L. no longer had contact with Laines after his apprehension by police on July 1, 2006. When A.L. was in fifth grade,[3] Laines tied her hands together with a black plastic bag and raped her. Laines continued raping A.L. every time her mother was gone, which was at least once a week, until his apprehension by police on July 1, 2006. During the sexual assaults, Laines frequently whipped A.L. with a switch, made her watch pornographic videos, and threatened A.L. if she told anyone. Laines also threatened C.L. who became aware of the assaults.

On July 1, 2006, while the mother was out of the home, Laines again raped A.L, who was eleven years old at the time. C.L. became worried that Laines was hurting A.L. and told his mother when she returned home. The mother took C.L. to the grandmother's home but left A.L. there with Laines who threatened to kill the mother with his machete if she took A.L. out of the home. The mother called the police who then apprehended Laines. Although she first denied the assaults out of fear, A.L. subsequently told the police that Laines had been molesting her for several years. The evidence collected from a medical examination of A.L. was consistent with her claims. At that

---

[1] Laines and the mother married in February 2006.

[2] A.L. was in the third grade during the fall of 2003 and the spring of 2004. She was born on October 15, 1994, and turned nine years old on October 15, 2003.

[3] A.L. was in the fifth grade during the fall of 2005 and the spring of 2006.

time, A.L. was five or six weeks pregnant and the pregnancy was thereafter terminated. According to the doctor who terminated the pregnancy, A.L.'s vaginal opening was stretched and dilated much more than one would expect from an eleven year old and was compatible with that of someone who had been married for years and having frequent sexual intercourse.

Laines was indicted on twelve counts of sodomy by engaging in cunnilingus with A.L., a child less than thirteen years of age. He was charged with one count during each month (January through December) of 2004. Laines was indicted on seven counts of object sexual penetration by using his finger to penetrate the labia majora of A.L., a child less than thirteen years of age. He was charged with one count each for the following months: September, October, November and December of 2005 and May, June, and July of 2006.[4] Laines was also indicted on seven counts of rape, by engaging in sexual intercourse with A.L., a child less than thirteen years of age. He was charged with one count each for the same months as the object sexual penetration. A jury convicted Laines on all counts.

## II. ANALYSIS

Laines argues the evidence was insufficient to support his convictions except for the one count of rape that occurred on July 1, 2006. Laines contends A.L. only testified specifically as to four incidents, that she gave conflicting accounts of the assaults, and that her actions in failing to report the rapes and remain on the honor roll throughout her school years were not consistent with those of a traumatized child.

When considering a challenge to the sufficiency of the evidence on appeal, a reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a

---

[4] Laines was only charged with acts occurring during the time the family lived in Washington County and apart from the maternal grandmother. The family lived in Georgia from January through May of 2005 and lived with the maternal grandmother from June through August of 2005. During January through April 2006, the family lived in Laurel Bloomery, Tennessee.

reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original; citation and internal quotation marks omitted). Instead, we ask only "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson, 443 U.S. at 319) (emphasis in original). See also McMillan v. Commonwealth, 277 Va. 11, 19, 671 S.E.2d 396, 399 (2009); Jones v. Commonwealth, 277 Va. 171, 182, 670 S.E.2d 727, 734 (2009). These principles recognize that an appellate court is "not permitted to reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), because appellate courts have no authority "to preside *de novo* over a second trial," Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004). This deferential standard of review "applies not only to the historical facts themselves, but the inferences from those facts as well." Crowder v. Commonwealth, 41 Va. App. 658, 663 n.2, 588 S.E.2d 384, 387 n.2 (2003). Thus, a fact finder may "draw reasonable inferences from basic facts to ultimate facts," Haskins, 44 Va. App. at 10, 602 S.E.2d at 406 (citations omitted), unless doing so would push "into the realm of *non sequitur*," Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006) (citation omitted).

Laines was charged with one count of sodomy against A.L. for each month in 2004, for a total of twelve counts of sodomy. A.L. began third grade during the fall of 2003 and turned nine years old on October 15, 2003. The evidence proved Laines began committing cunnilingus against A.L. when she was eight or nine years old and in the third grade and that he continued these actions at least once a week until July 1, 2006. The jury could reasonably infer from this evidence that Laines began sodomizing A.L. in January of 2004, during her third grade year when she was nine years old, and that he committed that act on twelve occasions during the time alleged in the indictments.

- 4 -

Laines was charged with seven counts of object sexual penetration and seven counts of rape with one count each occurring during September, October, November, and December of 2005 and May, June, and July of 2006. The evidence proved Laines began inserting his finger into A.L.'s vagina when she was eight or nine years old and in third grade[5] and continued to do so at least once a week until July 1, 2006. The evidence also proved Laines began raping A.L. in fifth grade and that the rapes continued once a week until July 1, 2006. A.L. was in fifth grade during the fall of 2005 and spring of 2006. Thus, it was reasonable for the jury to conclude that Laines committed object sexual penetration on seven occasions and rape on six occasions[6] during the time alleged in the indictments.

While A.L. only described in detail four of the assaults and was unable to provide specific dates for the sexual abuse, this Court has not required such specificity.

> To require that a child or any witness be able to recall the exact date an event occurred in his or her life in order to obtain a conviction would too often preclude prosecutions in this type of case where the victims are children and the crimes are not discovered until some time after their commission. The Commonwealth's case would too often fail because it could not specify the exact date of the offense against the child. It is this same reasoning which permits the Commonwealth to prove the commission of the crime charged on a date different than that alleged in the indictment.

Clifford v. Commonwealth, 48 Va. App. 499, 518-19, 633 S.E.2d 178, 187 (2006) (quoting Marlowe v. Commonwealth, 2 Va. App. 619, 625-26, 347 S.E.2d 167, 171 (1986)) (internal quotation marks and citation omitted), rev'd on other grounds, 274 Va. 23, 645 S.E.2d 295 (2007). A.L. testified that Laines committed the sexual abuse against her in their home every time her

---

[5] As previously noted, A.L. began third grade in the fall of 2003 and turned nine years old October 15, 2003.

[6] Laines only challenges six of the seven rape convictions on appeal.

mother left, which was at least once a week. A.L. was unable to provide any specific dates because "it happened so often." Since the evidence proved Laines committed the sexual abuse against A.L. at least once a week, it was more than sufficient to prove he committed twelve counts of sodomy, seven counts of object sexual penetration, and six counts of rape during the time charged in the indictments.[7]

Though Laines argues the evidence was based solely on A.L.'s testimony, "[u]nder settled principles of law, the child's testimony alone, if believed by the jury, [is] sufficient to support appellant's conviction, even in the absence of corroborating physical or testimonial evidence." Love v. Commonwealth, 18 Va. App. 84, 90, 441 S.E.2d 709, 713 (1994). "The reason for the rule is the typically clandestine nature of the crime. There are seldom any witnesses to such an offense except the perpetrator and the victim. A requirement of corroboration would cause most sex offenses to go unpunished." Fisher v. Commonwealth, 228 Va. 296, 299, 321 S.E.2d 202, 203-04 (1984). Therefore, A.L.'s testimony alone, apparently believed by the jury, was sufficient to support Laines' convictions. Furthermore, her testimony was corroborated by her brother's testimony regarding his knowledge of the assaults, her mother's testimony regarding the frequency with which she left A.L. alone with Laines, and medical testimony establishing that A.L.'s physical condition was consistent with frequent sexual intercourse.[8]

---

[7] Laines began committing sodomy and object sexual penetration against A.L. when she was in third grade. Even if the acts began in her last month of third grade in May 2004, the evidence proved he committed sodomy and object sexual penetration against her once a week until his apprehension thus establishing in excess of thirty acts of sodomy in 2004 alone, and at least twenty-eight acts of object sexual penetration during the months in which A.L. lived in Washington County in 2005 and 2006. Laines began raping A.L. when she was in fifth grade during 2005 and 2006. Therefore, the evidence proved at least twenty-eight acts of rape during that time period.

[8] Laines' contention that A.L. gave conflicting testimony was a matter resting within the exclusive province of the jury who had the opportunity to observe her demeanor when she testified. See Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993). Although we fail to understand how A.L.'s fortitude to maintain good grades reflected on her

A.L.'s failure to report the sexual assaults was based on her fear of Laines who threatened and physically abused her. Thus, her "delay [in reporting the abuse] is explained by and completely consistent with the all too common circumstances surrounding sexual assault on minors--fear of disbelief by others and threat of further harm from the assailant." Woodard v. Commonwealth, 19 Va. App. 24, 28, 448 S.E.2d 328, 330 (1994). "The victim's youth, fright and embarrassment certainly provided the jury with an acceptable explanation for [her] behavior in these circumstances." Corvin v. Commonwealth, 13 Va. App. 296, 299, 411 S.E.2d 235, 237 (1991). Accordingly, A.L.'s delay in reporting the sexual assaults did not render her testimony unworthy of belief. Id.

For these reasons, we find the evidence sufficient to support the convictions and affirm the judgment of the trial court. [9]

Affirmed.

---

credibility, this was likewise an issue solely for the jury to judge. The conclusions of the fact finder on issues of witness credibility may be disturbed on appeal only if this Court finds that the testimony accepted by the jury was "inherently incredible, or so contrary to human experience as to render it unworthy of belief." Fisher, 228 Va. at 299-300, 321 S.E.2d at 204. The conduct of Laines as described by A.L. "was--although reprehensible--not so extraordinary and out of the realm of human experience as to render her testimony unbelievable." Wilson v. Commonwealth, 46 Va. App. 73, 88, 615 S.E.2d 500, 507 (2005).

[9] Although Laines also argues the evidence was insufficient to prove what month the assaults began, he did not raise this issue in the trial court but rather argued the Commonwealth failed to prove the number of counts charged in the indictments. Thus, his argument regarding a failure to prove the initial time frame as set forth in the indictments is waived. See Rule 5A:18. Moreover, time was not of essence in these sexual assault charges. See Clifford, 48 Va. App. at 516-19, 633 S.E.2d at 186-88.

- 7 -