COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, O'Brien and AtLee


JENNIFER GAIL PORTEE

                                       MEMORANDUM OPINION*

v.      Record No. 1757-22-3                            PER CURIAM
                                              JULY 18, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Stacey W. Moreau, Judge

(Elmer Woodard, on brief), for appellant. Appellant submitting on
brief.

(Jason S. Miyares, Attorney General; Susan Hallie Hovey-Murray,
Assistant Attorney General, on brief), for appellee.


The trial court convicted Jennifer Gail Portee of assault and battery of a law enforcement

officer and sentenced her to three years' incarceration with two years and six months suspended.

On appeal, Portee argues that the trial court erred by denying her motion to strike because she

reasonably resisted an unlawful use of force against her to secure her arrest. Portee failed to

preserve her argument for appellate review, however, and has not satisfied the ends of justice

exception to overcome her default. Accordingly, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

On appeal, we review "the evidence below 'in the "light most favorable" to the

Commonwealth, the prevailing party in the trial court.'" *Hammer v. Commonwealth*, 74

Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). This

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

standard "requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On April 15, 2022, Mandy Dalton was doing yard work when she saw Portee, whom she knew, walking on the yellow line in the middle of the street in their neighborhood. Portee was stumbling and had a "weird, altered . . . gait." Dalton called to Portee because she concerned that something was "wrong." When Portee did not respond, Dalton called the police because she was concerned for Portee's safety.

Officer J.D. Spencer arrived and saw Portee "staggering in and out of the roadway." Officer Spencer parked, exited his vehicle, and when he approached her, immediately smelled alcohol coming from Portee's person. Her eyes were bloodshot, and she slurred her words as she told Officer Spencer that she was "trying to get home." Portee nearly fell several times, so Officer Spencer placed his hands on her to steady her and assist her out of the road. Portee, however, "pull[ed] away" from Officer Spencer and resisted by "swinging her hands." Lieutenant Roach arrived about thirty seconds later and helped Officer Spencer handcuff Portee. Dalton testified that the officers acted with "urgency," but they were not aggressive as they attempted to "assist[]" Portee from the road.

After the officers handcuffed Portee, she "locked out her legs and would not walk," so the officers had to carry her. As they placed her in the back seat of Officer Spencer's vehicle, she kicked Lieutenant Roach several times. When Lieutenant Roach secured her legs and leaned into the vehicle to buckle her seat belt, Portee leaned forward and bit his shoulder. Officer Spencer placed an "open palm" against Portee's head and pushed her against the seat to keep her

from biting.  Portee then told Lieutenant Roach that Officer Spencer had "blacked her eye," but Lieutenant Roach did not see any cuts, marks, swelling, or blood on her person.

After securing the seat belt, Lieutenant Roach tried to shut the door, but Portee kicked his right leg.  Lieutenant Roach returned Portee to the seat and tried to shut the door again, but she kicked his stomach.  Eventually, Lieutenant Roach shut the door, and Portee beat and banged the inside of the police vehicle for about a minute.  Portee did not have any visible injuries when the officers put her inside the police vehicle; when she exited, however, she was bleeding around her right eye.  The Commonwealth introduced photos taken shortly after the incident depicting "dried saliva" on Lieutenant Roach's shoulder and a scuff mark on his pants from Portee's kicks.  Lieutenant Roach agreed that Portee inflicted no "long term injury."

After the close of the Commonwealth's case-in-chief, Portee moved to strike, arguing that there was no damage to either officer other than a "couple of stains on some clothes" that would wash away.  The trial court denied the motion.

Portee testified that April 15, 2022, was a "tragic day" because of a death in her family.  She decided to walk to her mother's house and occasionally had to walk on the road because some areas did not have a sidewalk.  Portee testified that Lieutenant Roach "socked [her] in [her] eye" and "snatche[d] [her] down to the ground" without saying anything.  She claimed that she was "bleeding and . . . bloody" as he "thr[ew her] in the back of the police car."  She did not remember seeing Officer Spencer and denied that she was intoxicated.  She also denied biting or kicking Lieutenant Roach.

Portee provided photographs taken the day after the incident depicting blood and bruising on her arms, injuries she claimed Lieutenant Roach had caused.  Three witnesses testified that they saw Portee before her arrest on April 15, 2022, and that she did not have any visible injuries

- 3 -

on her person. Sterling Smith, Portee's mother, saw Portee the day after her arrest and testified that Portee was "swollen" and "sore."

After the close of the evidence, Portee argued that the witnesses had "different view[s]" of the incident and that it appeared this was an "arrest gone awry." Portee asserted that she would not "belabor the evidence" and merely asked the trial court for a "just verdict." The trial court found that Portee did not want to be arrested and became belligerent when the officers attempted to remove her from the road for her safety. The trial court found that she kicked and bit Lieutenant Roach and any injuries she suffered occurred as she thrashed around in the back of the police vehicle. Thus, the trial court found that the evidence established her guilt beyond a reasonable doubt. Portee now appeals.

ANALYSIS

On appeal, Portee argues that the officers used unlawful and unreasonable force to arrest her, so she was entitled to resist the arrest. She contends that she "cannot be held criminally liable for doing what she had a right to do."

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). Portee concedes that her argument is not preserved for appeal but asks this Court to address it under Rule 5A:18's ends of justice exception.

"The 'ends of justice' exception to Rule 5A:18 is 'narrow and is to be used sparingly.'" *Melick v. Commonwealth*, 69 Va. App. 122, 146 (2018) (quoting *Pearce v. Commonwealth*, 53

- 4 -

Va. App. 113, 123 (2008)). Whether to apply the ends of justice exception involves two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Holt v. Commonwealth*, 66 Va. App. 199, 210 (2016) (en banc) (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009)).

Portee's argument fails to demonstrate a manifest injustice. The record demonstrates that Officer Spencer and Lieutenant Roach did not exert any unreasonable or unlawful force when arresting Portee. Instead, Portee became belligerent after the officers arrived and tried to assist her out of the roadway for her safety. Moreover, after they handcuffed Portee and carried her to the police vehicle, she kicked and bit Lieutenant Roach. Although Portee asserted that Lieutenant Roach "socked [her] in [her] eye" and "snatche[d] [her] down to the ground," the Commonwealth's evidence contradicted that account, including Dalton's testimony that the officers were not aggressive.

The trial court was entitled to disbelieve Portee's self-serving testimony and conclude that she was "lying to conceal [her] guilt." *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998). "Determining the credibility of witnesses . . . is within the exclusive province of the [fact finder], which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (first alteration in original) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)). "When 'credibility issues have been resolved by the [fact finder] in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong.'" *Towler v. Commonwealth*, 59 Va. App. 284, 291 (2011) (quoting *Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991)). The record

demonstrates that the trial court carefully weighed the witnesses' competing accounts and concluded that the evidence established Portee's guilt beyond a reasonable doubt. Thus, the ends of justice exception does not apply, and Rule 5A:18 bars us from considering Portee's argument.

CONCLUSION

Having failed to preserve her argument below or to satisfy the requirements of Rule 5A:18's ends of justice exception, Portee is barred from seeking appellate review of her argument. Accordingly, we affirm the trial court's judgment.

*Affirmed*.