COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Decker, Judges Fulton and Ortiz


ELLIOT EMMANUEL WHITE, A/K/A
 ELLIOTT EMMANUEL WHITE

v.      Record No. 0254-23-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
CHIEF JUDGE MARLA GRAFF DECKER
MARCH 12, 2024


FROM THE CIRCUIT COURT OF HENRICO COUNTY
L. A. Harris, Jr., Judge

(John W. Parsons; John W. Parsons, Attorney at Law, on brief), for
appellant.

(Jason S. Miyares, Attorney General; Ryan Douglas Beehler,
Assistant Attorney General, on brief), for appellee.


A jury found the appellant guilty of three counts of aggravated sexual battery of his

stepdaughter, who was between six and eleven years of age when the offenses occurred. He

contends on appeal that the evidence was insufficient because the child's testimony was the only

proof that he "touched [her] intimate parts." He suggests the testimony was inherently incredible

because she did not report the incidents until she was fourteen years old, she had a motive to

fabricate the charges, and there was no corroborating evidence. Because her testimony was not

inherently incredible or contrary to human experience and was accepted by the jury, we affirm

the convictions.[1]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Having examined the briefs and record in this case, the panel unanimously holds that
oral argument is unnecessary because "the appeal is wholly without merit," "the dispositive issue
or issues have been authoritatively decided," and the appellant "has not argued that the case law
should be overturned, extended, modified, or reversed." Code § 17.1-403(ii)(a)-(b); Rule
5A:27(a)-(b).

BACKGROUND[2]

The appellant was charged with sexually molesting his stepdaughter, A.H., who was born in May 2006. In December 2012, the appellant moved into the home on Beale Street where A.H. lived with her younger brother and her mother, D.H. During this time, D.H. worked as a nurse on a shift from 3:00 p.m. to 11:00 p.m., and the appellant stayed with the children. A.H. testified that when she was around six years old, the appellant got into her bed at night, put his fingers inside her underwear, and rubbed her vagina and clitoris. A.H. testified that the abuse happened "more than one time" while she lived on Beale Street. Each encounter lasted between five and thirty minutes.

The family moved to a residence on Honeysuckle Court in 2015. D.H. worked in the evenings as a private duty nurse in addition to her regular daytime shift. In the new house, A.H. shared a bedroom with her five-year-old brother. The appellant continued the same pattern of sexual abuse against A.H. A.H. testified that while living on Honeysuckle Court, the appellant sexually abused her "more than one time."

In 2016, they moved to a house on Ivy Avenue. At that residence, A.H. shared a bedroom with her two-year-old sister. Her brother had a separate bedroom but sometimes slept in A.H.'s room on a small couch or the floor. The appellant continued his sexual abuse against A.H. He came into her bed and touched her in the same manner at night, but he did so less often.

---

[2] On appeal, we review "the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below." *Lambert v. Commonwealth*, 70 Va. App. 740, 746 (2019) (quoting *Hawkins v. Commonwealth*, 64 Va. App. 650, 652 (2015)). "Viewing the record through this evidentiary prism requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn'" from that evidence. *Commonwealth v. Barney*, ___ Va. ___, ___ (Mar. 16, 2023) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 323-24 (2018) (per curiam)).

The sexual abuse stopped when the appellant moved out in April 2017. Throughout this period, A.H. did not tell anyone about the abuse because she was afraid of the appellant.

In October 2020, a male friend of D.H.'s moved into the household. His presence made A.H. uneasy because it evoked memories of the appellant's abuse. In December 2020, D.H. questioned A.H. about her "kind of mean" attitude toward the man. A.H., "in tears," told her mother that the appellant had sexually abused her between 2012 and 2017. When interviewed by law enforcement in May 2021, the appellant denied A.H.'s allegations.

After the jury found the appellant guilty of three counts of aggravated sexual battery, the trial court sentenced him on each count to ten years in prison, with seven years of each sentence suspended.

ANALYSIS

The appellant argues that A.H.'s testimony was inherently incredible. He suggests it is so because she delayed in reporting the alleged abuse, her poor grades and dislike of her mother's new boyfriend provided a motive to fabricate the charges, and there was no corroborating evidence. Based on the victim's alleged inherent incredibility, he asserts there was insufficient evidence he "touched [A.H.'s] intimate parts."[3]

I. Standard of Review

The Court is guided by well-established legal principles. When considering the sufficiency of the evidence, the appellate court views the evidence "in the light most favorable to

---

[3] Because both of the appellant's assignments of error challenge the sufficiency of the evidence on the basis that A.H.'s testimony was not credible, we discuss them together. Additionally, we decline to address the Commonwealth's procedural argument urging application of Rule 5A:20(e) and instead assume without deciding that the appellant did not waive his first assignment of error. Consequently, we decide the issue on the merits. *See McGinnis v. Commonwealth*, 296 Va. 489, 501 (2018) (assuming without deciding that an issue was properly before the Court because addressing it on the merits provided the best and narrowest ground for resolution).

the Commonwealth, the prevailing party at trial." *Barnett v. Commonwealth*, 73 Va. App. 111, 115 (2021) (quoting *Smith v. Commonwealth*, 66 Va. App. 382, 384 (2016)). "Viewing the record through this evidentiary prism requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn'" from that evidence. *Commonwealth v. Barney*, ___ Va. ___, ___ (Mar. 16, 2023) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 323-24 (2018) (per curiam)). "The judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it." *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)).

"It has long been deemed 'an abuse of the appellate powers to set aside a verdict and judgment[] because an appellate court, from the evidence as written down, would not have concurred in the verdict.'" *Barney*, ___ Va. at ___ (quoting *Perkins*, 295 Va. at 327). Accordingly, "the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Washington v. Commonwealth*, 75 Va. App. 606, 615 (2022) (quoting *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016)). "In applying this standard of review, we eschew the divide-and-conquer approach, which examines each incriminating fact in isolation, finds it singularly insufficient, and then concludes that the sum of these facts can never be sufficient. Instead, in an appellate sufficiency review, the evidence is 'considered as a whole.'" *Barney*, ___ Va. at ___ (quoting *Stamper v. Commonwealth*, 220 Va. 260, 273 (1979)).

II.  Credibility of the Victim's Testimony and Sufficiency of the Evidence

To convict the appellant of aggravated sexual battery under Code § 18.2-67.3, the Commonwealth had to prove that he "intentionally touch[ed]" the "intimate parts," including

"genitalia, anus, groin, breast, or buttocks," or clothing covering such parts, of a child under the age of thirteen years. *See* Code §§ 18.2-67.3(A), -67.10(2), (6)(a). The appellant's sufficiency challenge is limited to contesting only the finding that he touched A.H.'s "intimate parts." Relying on her delay in reporting the abuse, her alleged motive to fabricate the charges, and the suggested lack of corroborating evidence, he asserts there was no evidence of any touching because A.H. was not a credible witness. The facts and law refute this challenge.

First and foremost, A.H.'s testimony, if found credible by the jury, was "sufficient evidence, standing alone, to support the conviction[s]." *See Fisher v. Commonwealth*, 228 Va. 296, 299 (1984). A.H. testified she was six years old when the appellant moved into her house in December 2012. She said the sexual abuse began in that house, continued in two other residences where the family lived, and stopped only when the appellant moved out in 2017. In October 2020, her mother's new boyfriend moved into the house, and his presence as a male adult reminded A.H. of the incidents with the appellant. When her mother questioned A.H. in December 2020 about her "kind of mean" attitude toward the new man, A.H. admitted to her that the appellant sexually abused her between 2012 and 2017. A.H. specifically recounted that the appellant frequently climbed into her bed at night, put his fingers inside her underwear, and rubbed her vagina and clitoris in "circular motions" anywhere from five to thirty minutes for each encounter. Her description of the appellant's conduct established that he intentionally touched her genitalia, which constituted aggravated sexual battery under Code § 18.2-67.3. In short, this evidence, accepted by the jury, was sufficient to prove the offenses.

The appellant argues A.H. should not be believed because she did not report the abuse when it occurred. A.H. provided a sound explanation for the delay. She said she told no one because she was afraid of the appellant, who was an adult male living in the homes with her. Child victims often do not report sexual abuse immediately when it happens because of fear of

their assailant, shame, or embarrassment. *See Wilson v. Commonwealth*, 46 Va. App. 73, 77, 80, 88 (2005) (twelve-year-old victim did not report sexual abuse for three years); *Love v. Commonwealth*, 18 Va. App. 84, 85, 89-90 (1994) (thirteen-year-old victim did not report sexual abuse for seven years); *Corvin v. Commonwealth*, 13 Va. App. 296, 297-99 (1991) (juvenile victim did not report sexual abuse for fourteen months). Here, A.H. was only six years old when the sexual abuse began. Her abuser was living in the various homes with her and was married to her mother. A.H. was left alone with him and her younger siblings for periods of time. The abuse continued over several years, while they lived in three different homes, until A.H. was eleven years old. In fact, the abuse only stopped when the appellant moved out in 2017. A.H. reported the incidents after he was gone when a new adult male moved into the household in 2020, triggering the horrible memories of abuse. The jury was aware of the delay in reporting and the circumstances surrounding the delay. It was a factor for the jury to consider and weigh with all of the evidence but did not render A.H.'s testimony incredible as a matter of law. *See Church v. Commonwealth*, 71 Va. App. 107, 122-23 (2019) (stating that it is the jury's responsibility to determine what weight to give admitted evidence); *Love*, 18 Va. App. at 90 (holding that where the child victim delayed in reporting sexual abuse, it was the jury's function to determine whether the delay affected her credibility).

The appellant also asserts that A.H.'s testimony was inherently incredible because she had a motive to fabricate the allegations against him. He contends that A.H. falsely accused him because she did not like her mother's new boyfriend and wanted an excuse for her poor grades, which upset her mother. The appellant's claims, however, are refuted by the evidence when viewed under the proper standard. A.H. did not say that she did not like the boyfriend, an adult male. Instead, she testified that his presence made her anxious because it brought back the bad memories of sexual abuse at the hands of the appellant. Further, D.H. denied that her boyfriend

- 6 -

and A.H. did not get along. A.H. acknowledged her grades had slipped but explained that she was attending virtual school and lacked "motivation" to do the work. In assessing A.H.'s testimony and the other evidence, the jury "had the opportunity to consider any ulterior motive on [her] part." *See Kelley v. Commonwealth*, 69 Va. App. 617, 627 (2019). It was entirely reasonable for the jury to conclude that A.H. had no motive to fabricate and to reject the appellant's claim that she had falsely accused him. *See Ervin v. Commonwealth*, 57 Va. App. 495, 519-21 (2011) (en banc) (holding that a fact finder may properly reject a defendant's hypothesis of innocence).

In addition, the appellant's contention that A.H. was not a credible witness because her testimony was not corroborated is wrong as a matter of law.[4] Corroboration simply is not required for a conviction. *See Poole v. Commonwealth*, 73 Va. App. 357, 368-69 (2021) (stating that "[b]ecause sexual offenses are typically clandestine in nature, seldom involving witnesses to the offense except the perpetrator and the victim, a requirement of corroboration would result in most sex offenses going unpunished" (alteration in original) (quoting *Wilson*, 46 Va. App. at 88)). It has long been recognized that a victim's testimony is sufficient by itself to support a conviction if the testimony is "credible and accepted by the finder of fact." *Fisher*, 228 Va. at 299. And "determining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact, who has the ability to hear and see them as

---

[4] He asserts that because A.H. shared a bedroom with her younger brother and sister, and her mother's bedroom was next door, those persons should have been able to corroborate the appellant's presence in A.H.'s bedroom. As already noted, corroboration is not required. Nevertheless, these points fail on their face. It is not necessarily likely that A.H.'s siblings would have awakened while the appellant was in A.H.'s bed. *See Wilson*, 46 Va. App. at 89 (stating that the victim's testimony was not rendered incredible by the fact that the two other children in the room did not awaken when the defendant was molesting the victim). Further, D.H. testified that the appellant often stayed up at night to play music in another part of the house and closed the door to her bedroom so he did not disturb her sleep. The evidence suggests that these acts of abuse were committed quietly in the nighttime in a manner to avoid detection by others while taking advantage of a child of tender years.

they testify." *Maldonado v. Commonwealth*, 70 Va. App. 554, 562 (2019) (quoting *Miller v. Commonwealth*, 64 Va. App. 527, 536 (2015)).  The jury, as the fact finder, was "free to believe or disbelieve, in whole or in part, the testimony of any witness," including the victim.  *Rams v. Commonwealth*, 70 Va. App. 12, 38 (2019).  In finding the appellant guilty, the jury accepted A.H.'s testimony and, in turn, rejected the appellant's hypothesis that she had falsely accused him for the variety of suggested reasons.  Her testimony was not "inherently incredible, or so contrary to human experience as to render it unworthy of belief."  *See Kelley*, 69 Va. App. at 626 (quoting *Johnson v. Commonwealth*, 58 Va. App. 303, 315 (2011)).  Nor was it proven false by other evidence presented at trial.  *See Juniper v. Commonwealth*, 271 Va. 362, 415 (2006).  Accordingly, her testimony was sufficient to convict the appellant of aggravated sexual battery.  *See Fisher*, 228 Va. at 299; *Wilson*, 46 Va. App. at 87-89.

CONCLUSION

A.H.'s delay in reporting the offenses did not make her testimony inherently incredible or contrary to human experience.  Nor was it incredible for any of the other propositions suggested by the appellant.  The jury accepted the victim's testimony, which was sufficient to convict the appellant of three counts of aggravated sexual battery.  Accordingly, this Court affirms the convictions.

*Affirmed*.