COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges AtLee, Friedman and Frucci

MARK ALLAN WRIGHT

MEMORANDUM OPINION[*]
v.        Record No. 1396-23-1                                  PER CURIAM
                                                        JANUARY 14, 2025
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
COUNTY OF JAMES CITY
Timothy S. Fisher, Judge Designate

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; Jessica M. Bradley, Assistant
Attorney General, on brief), for appellee.


Following a bench trial, the circuit court convicted Mark Allan Wright of object sexual

penetration and sentenced Wright to 45 years of incarceration, with all but 5 years suspended.  On

appeal, Wright challenges the sufficiency of the evidence supporting his conviction.  After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a); Rule

5A:27(a).

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND[1]

One morning when S.W.[2] was four or five years old, she was alone with her uncle, Wright, in his James City County apartment when she took a bath.  While she was bathing, Wright entered the bathroom and kneeled beside the bathtub.  Wright had never helped S.W. bathe before, and she had not asked for his help that morning.  At the time Wright kneeled beside the bathtub, S.W. had a rubber duck in the bathtub and a navy-colored rag that covered her vagina.  S.W. noticed that his breathing was "stronger and harder" than usual.  Wright then put his hand in the water and inserted his finger into S.W.'s vagina.  S.W. felt a "sharp stinging pain that [she] never felt before" and "jumped" when it happened.  Wright asked S.W. if she was "okay," and then he left the bathroom.  At that time, S.W. did not report the incident because she "couldn't put together what it was that [she] felt."

In 2017 or 2018, during the summer after she finished the seventh grade, S.W.'s sister helped her use a tampon for the first time.  When S.W. inserted the tampon into her vagina, it recreated the same physical sensation from the incident in the bathtub and S.W. "put the two together."  S.W. did not report the incident then because she did not want to talk about it and had concerns about potential family drama.

In 2021, S.W. disclosed the incident to a relative after learning of allegations against Wright concerning her cousin.  When law enforcement interviewed S.W. regarding her cousin's

_____

[1] "Consistent with the standard of review when a criminal appellant challenges the sufficiency of the evidence, we recite the evidence below 'in the "light most favorable" to the Commonwealth, the prevailing party in the trial court.'"  *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).  This standard "requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'"  *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

[2] We use initials, rather than names, to protect the privacy of the victim.

case, she reported that Wright sexually assaulted her. Later, Wright was charged with object sexual penetration in relation to the assault of S.W. At trial, S.W. testified that she did not initially want the police involved or to testify in court because she was concerned about "family drama and backlash" and did not want her parents to hear about what happened to her. S.W. stated she only changed her mind when she learned that some of her family, friends, and congregation had already heard about the allegations and she felt like "there was nothing [she] could do about it." S.W. explained that she needed justice for herself and wanted to protect her cousin and other children.

During trial, Juliet Wright ("Juliet"), Wright's sister, testified on his behalf and stated she had a very close relationship with S.W. Juliet testified that she did not believe the allegation because S.W. never disclosed the incident to her. Wright also testified on his own behalf and denied S.W.'s allegation. He stated that he lived in Hampton when S.W. was four or five years old and she never stayed with him alone after he moved to James City County.

Ultimately, the circuit court found Wright guilty of object sexual penetration. It commented that S.W., at age four or five, was incapable of discerning what happened to her until the feeling was recreated years later. The circuit court further stated that "as far as the law is concerned," S.W.'s 14-year delayed disclosure did not indicate that the incident did not happen. The circuit court found that S.W. ultimately disclosed the incident because she felt compelled to share her story to protect her cousin, not "to pile on with false accusations." This appeal followed.

ANALYSIS

Wright argues that the evidence was insufficient to prove his guilt because S.W.'s testimony was "extremely vague and lacking in specificity as to time, date, and circumstances." He further contends there was no corroborating evidence or testimony to support S.W.'s claims.

Lastly, Wright submits that "the unreasonable delay in making an outcry rendered S.W.'s allegations incredible as a matter of law."

"On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "The question on appeal, is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)). "In the end, the appellate court 'ask[s] whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."'" *Eberhardt v. Commonwealth*, 74 Va. App. 23, 31 (2021) (alteration in original) (quoting *Davis v. Commonwealth*, 65 Va. App. 485, 500 (2015)).

An accused is guilty of object sexual penetration if "he or she penetrates the labia majora or anus of a complaining witness . . . other than for a bona fide medical purpose . . . and . . . [t]he complaining witness is less than 13 years of age." Code § 18.2-67.2(A)(1). Furthermore, in Virginia, "a conviction for rape and other sexual offenses may be sustained solely upon the uncorroborated testimony of the victim." *Wilson v. Commonwealth*, 46 Va. App. 73, 87 (2005); *see also Sheets v. Commonwealth*, 80 Va. App. 706, 714 (2024) (finding that "[a] rape conviction may be sustained solely upon the testimony of the victim" (alteration in original)). "A requirement of corroboration would cause most sex offenses to go unpunished[,]" given the clandestine nature of such crimes. *Fisher v. Commonwealth*, 228 Va. 296, 299 (1984).

Therefore, a "victim's testimony, if credible and accepted by the finder of fact, is sufficient evidence, standing alone, to support the conviction." *Id.*

In the case at hand, the circuit court credited S.W.'s testimony and rejected Wright's evidence. "The sole responsibility to determine the credibility of witnesses, the weight to be given to their testimony, and the inferences to be drawn from proven facts lies with the fact finder." *Blankenship v. Commonwealth*, 71 Va. App. 608, 619 (2020) (quoting *Ragland v. Commonwealth*, 67 Va. App. 519, 529-30 (2017)). "That responsibility lies with the fact finder because '[t]his [C]ourt[,] sitting as an appellate court, and knowing nothing of the evidence or of the witness, except as it appears on the paper, . . . [is] incompetent to decide on the credibility of the testimony.'" *Commonwealth v. McNeal*, 282 Va. 16, 22 (2011) (first, second, and third alterations in original) (quoting *Brown v. Commonwealth*, 29 Va. (2 Leigh) 769, 777 (1839)). In addition, "[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)).

"[T]his Court must accept the trial court's determination of the credibility of witness testimony unless, as a matter of law, the testimony is inherently incredible." *Lambert v. Commonwealth*, 70 Va. App. 740, 759 (2019) (quoting *Nobrega v. Commonwealth*, 271 Va. 508, 518 (2006)) (internal quotations omitted). "To be 'incredible,' testimony 'must be either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Id.* (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)). "In other words, this Court cannot say a witness' testimony is inherently incredible unless it is 'so contrary to human

experience as to render it unworthy of belief.'" *Id.* (quoting *Johnson v. Commonwealth*, 58 Va. App. 303, 315 (2011)).

At trial, S.W.'s unimpeached testimony was that she was four or five years old when the incident occurred and that it happened on a morning when she was alone with Wright in his home. S.W. recalled specific items that were in the bathtub with her and described the "sharp stinging pain" she felt during the assault. S.W. stated that she always remembered the feeling and immediately recognized it the first time she used a tampon. We find no basis to disturb the circuit court's decision to credit S.W.'s testimony and reject Wright's claim that the incident never happened.

Additionally, a "victim's failure to immediately report the incident d[oes] not render his [or her] testimony inherently incredible as a matter of law." *Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991); *see, e.g.*, *Love v. Commonwealth*, 18 Va. App. 84, 90 (1994) (holding that a seven-year delay in reporting did not render the victim's testimony inherently incredible). Instead, it was "up to the [fact finder] to determine what effect, if any, the delay in reporting the incident had on the credibility of [S.W.]'s testimony." *Love*, 18 Va. App. at 90.

S.W. testified that she did not immediately disclose the incident because she did not realize what happened to her. Years later, when she recognized the incident as sexual assault, she did not disclose it because she was concerned about family drama. S.W. ultimately reported the assault because she wanted to protect her cousin and needed justice for herself. The circuit court credited S.W.'s explanations for not immediately reporting the crime. S.W.'s 14-year delayed disclosure did not render her testimony inherently incredible as a matter of law. *Id.* Considering all the facts and circumstances, a reasonable finder of fact could conclude beyond a reasonable doubt that Wright was guilty of sexual penetration with an object.

CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*